UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN MARIN, | CASE NO. C26-0149-KKE |
| Plaintiff(s), | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING SERVICE OF PROCESS BY THE UNITED STATES MARSHAL |
| v. | |
| T-MOBILE USA INC., | |
| Defendant(s). | |

Plaintiff, representing himself and proceeding *in forma pauperis*, filed a motion requesting appointment of counsel. Dkt. No. 7. Plaintiff's complaint seeks to compel Defendant to produce his cell phone data, in the hope that this data would help him prove his innocence in an unrelated criminal matter. *See* Dkt. No. 6 at 24 (describing the data as "extremely important to [Plaintiff] since it may help demonstrate his innocence").

Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING
SERVICE OF PROCESS BY THE UNITED STATES MARSHAL - 1

issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation modified). Neither of these considerations is dispositive, and the Court must instead view them together. *Id.*

Plaintiff has not shown either consideration weighs in favor of appointing counsel: Plaintiff has not shown that he is likely to succeed on the merits, or that the nature of his suit is so complex that he cannot articulate his claims without assistance from a lawyer. To the contrary, Plaintiff's complaint clearly sets forth both factual and legal bases for his action. Accordingly, the Court does not find that exceptional circumstances exist such that it should appoint counsel for Plaintiff, and Plaintiff's motion (Dkt. No. 7) is DENIED.

The Court does, however, find that it is appropriate to direct the United States Marshal to effectuate service of process on Defendant. Plaintiff has completed the service forms (Dkt. No. 6-1), and the clerk is directed to provide this information to the United States Marshal, who are ORDERED to serve the summons and complaint to Defendant. The United States Marshal is further ORDERED to file proof of service once completed.

Dated this 10th day of February, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING
SERVICE OF PROCESS BY THE UNITED STATES MARSHAL - 2